IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Shaun Wayne Wiles, #284696, ) | C.A. No. 0:05-2111-CMC-BM |
| Plaintiff, ) | |
| v. ) | **OPINION and ORDER** |
| Jon E. Ozmint; South Carolina Department ) of Corrections; and Bernard McKie, ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. When Plaintiff originally filed his complaint on July 29, 2005, he was a pretrial detainee from Jasper County housed in the South Carolina Department of Corrections (SCDC) for "safekeeping" due to his escape history. Plaintiff alleged violations of his Eighth and Fourteen Amendment rights. Prior to Defendants' filing of their answer, Plaintiff filed a motion for summary judgment. Defendants oppose the motion as premature.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On October 25, 2005, the Magistrate Judge issued a Report recommending Plaintiff's motion for summary judgment be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After Plaintiff filed his first motion for summary judgment, he filed a motion to amend his complaint. It appears from the amendment, approved by the Magistrate Judge, that Plaintiff's first motion for summary judgment is moot, as the parties are now proceeding on an amended complaint and Plaintiff has filed a second motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment filed September 23, 2005 shall be marked "moot" and this matter is recommitted to the United States Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 18, 2006
C:\temp\notesFFF692\05-2111 Wiles v. Ozmint e order adopting rr denying pla m sumjgm.wpd