IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Shaun Wayne Wiles, #284696, ) | C.A. No. 0:05-2111-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jon E. Ozmint; South Carolina Department ) | |
| of Corrections; and Bernard McKie, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff's *pro se* amended complaint filed pursuant to 42 U.S.C. § 1983.[1] When Plaintiff originally filed his complaint, he was a pretrial detainee from Jasper County housed in the South Carolina Department of Corrections (SCDC) for "safekeeping" due to his escape history. Since that time, Plaintiff has been adjudged guilty on several state offenses and re-incarcerated in the SCDC. Plaintiff is housed in the Maximum Security Unit (MSU) of Kirkland Correctional Institution. Plaintiff challenges the constitutionality of certain SCDC policies relating to inmates confined in the MSU, alleging that these policies violate either his First or Eighth Amendment rights. Plaintiff seeks injunctive relief only. Plaintiff filed a motion for summary judgment on December 21, 2005, and a motion for injunctive relief on March 24, 2006. Defendants moved for summary judgment on January 30, 2006. By order filed July 18, 2006, the court directed Defendants to supplement Plaintiff's medical records which had been previously filed with this

---

[1] Plaintiff's complaint was originally filed with this court on July 25, 2005. The complaint's *Houston v. Lack*, 487 U.S. 266 (1988), delivery date was July 1, 2005. Plaintiff moved to amend his complaint in December, 2005. That motion was granted by Magistrate Judge Marchant on December 20, 2005.

1

court. Defendants have done so, and this case is ripe for resolution.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On May 23, 2006, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on June 10, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, Plaintiff's Objections, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's objections are without merit.[2] As to Plaintiff's claims relating

---

[2]The Magistrate Judge's Report thoroughly examines the applicable and controlling case law in this matter. As additional controlling precedent, the court notes the recent decision of the United States Supreme Court, *Beard v. Banks*, 548 U.S. ___, 126 S. Ct. 2572 (June 28, 2006). In *Beard*, inmates not unlike Plaintiff (housed in a highly restrictive prison unit) sued the Secretary of the Pennsylvania Department of Corrections for allegedly violating the inmates' First Amendment rights

to the lighting in his cell, circuit courts are of differing opinions whether this practice violates prisoners' Eighth Amendment rights. *Compare See Keenan v. Hall*, 83 F.3d 1083 (9th Cir. 1996) *with Chavarria v. Stacks*, 102 Fed. Appx. 433 (5th Cir. 2004) (unpublished). However, Plaintiff has failed to produce sufficient evidence of injury to escape summary judgment on this Eighth Amendment claim. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (noting that "in order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.").

Plaintiff has submitted statements to this court, under oath, that the lighting interferes "massively" with his sleep cycle, and that he is experiencing dizziness and disorientation. However, there is no evidence in the medical records produced by Defendants of *any* complaint by Plaintiff related to sleeplessness or other problems associated with the lights being left on in his cell. Indeed, the records produced indicate that Plaintiff has not once complained of being unable to sleep, and that he has even reported that he is sleeping "without problems." Exhibit C to Supplemental

---

relating to access to newspapers, magazines, and photographs. In finding the inmates had not adequately met the Secretary's motion for summary judgment, the Court reiterated that at the summary judgment stage, courts

> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, [courts'] inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard*, 126 S. Ct. at 2578 (citation omitted). While Plaintiff believes the MSU policies relating to his possession of books, magazines or other "outside" literature, and photographs violate his First Amendment rights, his stated disagreements with the policies do not show the policies in question are not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Affidavit of Donna Curry (Dkt. #49, filed Aug. 4, 2006).

Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.[3]  All other pending motions are **moot**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 7, 2006
C:\Documents and Settings\tdt78\Local Settings\Temp\notesFFF692\~3483201.wpd

---

[3] The court notes that an additional reason for dismissal is Plaintiff's failure to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. ___, 126 S. Ct. 2378 (June 22, 2006) (interpreting statute to require "proper exhaustion" of administrative remedies before filing suit in federal court). Plaintiff's amended complaint indicates he filed grievances relating to his claims, but there is no information that he has received a final agency decision on these grievances.  *See* Amended Complaint at 1-4 (Dkt. #22, filed Dec. 20, 2005).  However, this court does not dispose of this case on these grounds.  *See Anderson v. XYZ Correctional Health Svcs.*, 407 F.3d 674 (4th Cir. 2005) (while court may *sua sponte* raise issue of exhaustion, should not dismiss without giving inmate opportunity to respond).

4